# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FULWOOD CONSTRUCTION ) | |
| COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02524-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| MCGIL HOLDINGS, LLC, WOODSTONE ) | |
| BUILDERS, LLC, GHM INVESTMENTS, ) | |
| LLC, and THE BANK OF MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING FULWOOD CONSTRUCTION COMPANY, LLC'S PARTIAL MOTION TO DISMISS COUNTERCLAIM

Counter-Defendant Fulwood Construction Company ("Fulwood") moves to dismiss partially Counter-Plaintiffs McGil Holdings, LLC, Woodstone Builders, LLC, and GHM Investments, LLC's (collectively "Counter-Plaintiffs") counterclaim. (ECF No. 17.) Fulwood moves to dismiss Counter-Plaintiffs' fraud and fraudulent inducement claims for failure to state a claim upon which relief can be granted. (*Id.* at PageID 133.) Counter-Plaintiffs responded in opposition (ECF No. 24), and Fulwood replied. (ECF No. 25.) For the reasons below, the Court **GRANTS** Fulwood's motion and **DISMISSES WITHOUT PREJUDICE** Counter-Plaintiffs' fraud and fraudulent inducement claims.

## BACKGROUND

This is a dispute over a construction contact.  Counter-Plaintiffs allege these facts in their counterclaim.[1]  Fulwood, a construction company, entered a contract with McGil Holdings for the construction of an Arby's restaurant located at 8620 HWY 51, Millington, TN 38053 (the "Project").  (ECF No. 10 at PageID 87–88.)  The contract required Fulwood to provide services, labor, materials, and equipment for the Project.  (*Id.*)  And it required that Counter-Plaintiffs pay Fulwood based on the cost of the work and a contractor's fee (subject to a guaranteed maximum price).  (*Id.*)

Fulwood then sued Counter-Plaintiffs, alleging that they owe Fulwood money under the contract.  (ECF No. 1-2 at PageID 16.)  Counter-Plaintiffs answered and brought counterclaims for fraud, breach of contract, and fraudulent inducement against Fulwood.  (ECF No. 10 at PageID 88–91.)  They allege that Fulwood breached the contract by failing to: supervise the Project, pay subcontractors, and materialmen, obtain proper change orders before billing extra costs, and provide documentation with pay requests.  (*Id.* at PageID 87.)  They also allege that Fulwood submitted improper "expenses" claims for reimbursement.  (*Id.*)  And in doing so, Counter-Plaintiffs claim that Fulwood "engaged in an unlawful scheme and artifice to defraud Counter-Plaintiffs by inducing overpayment under the contract based on the overbilling." (*Id.* at 87–88.)

Fulwood now moves to dismiss these counterclaims because Counter-Plaintiffs fail to allege fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).  (ECF No. 17.)  Counter-Plaintiffs responded in opposition, claiming they satisfied Rule 9 by alleging their

---

[1] The Court accepts all of Counter-Plaintiffs' allegations as true under Fed. R. Civ. P. 12.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (discussing 12(b)(6) standard).

claims with enough particularity to notify Fulwood about their claims.  (ECF No. 24 at PageID 171.)  The Court now discusses its subject matter jurisdiction and choice of law.

## **SUBJECT MATTER JURISDICTION AND CHOICE OF LAW**

Diversity jurisdiction arises when the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  The Court has diversity jurisdiction over the parties here because the action is between citizens of different states and the amount in controversy is more than $75,000.  (ECF No. 1 at PageID 2–3.)

Federal courts sitting in diversity apply state substantive law and federal procedural law.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (discussing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  They also apply the choice of law rules of the forum state.  *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998).  And in Tennessee, courts apply the law of the state with the most significant relationship to the tort injury.[2]  *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992).  Under the "most significant relationship" test, courts consider where the alleged injury occurred, where the conduct causing the injury occurred, the parties' domicile, and the place where the parties centered their relationship.  *Id.*

Considering these factors, Tennessee has the most significant relationship to Counter-Plaintiffs' alleged injuries here.  First, the Project site is in Tennessee.  (ECF No. 10 at PageID 87.)  This conveys that the parties centered their relationship in Tennessee.  Second, Fulwood allegedly injured Counter-Plaintiffs with improper payment applications, which allegedly misrepresented the costs and expenses for "labor, services, materials, and equipment purportedly

---

[2] Both fraud and fraudulent inducement are torts under Tennessee law.  *Houghland v. Houghland*, No. M2005-01770-COA-R3-CV, 2006 WL 2080078, at *3–4 (Tenn. Ct. App. July 26, 2006) (citing *Am. Fidelity Fire Ins. Co. v. Tucker,* 671 S.W.2d 837, 841 (Tenn. Ct. App. 1983)).

furnished to the Project." (*See id.* at PageID 88.)  And Counter-Plaintiffs paid these costs and expenses for labor and materials for the Project in Tennessee.  So the injury, and the conduct causing the injury, occurred in Tennessee.  And though the parties are not residents of Tennessee, the other three factors of the "most significant relationship test" show that Tennessee law applies.  (*Id.* at PageID 86.)  As a result, this Court applies Tennessee substantive law to Counter-Plaintiffs' fraud and fraudulent inducement claims.  But, as noted below, federal courts apply federal procedural law in diversity cases.

## **ANALYSIS**

### I.  **Legal Standard for 12(b)(6) Motion to Dismiss**

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007).  "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  To survive a motion to dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent

4

with the allegations.'"  *Herhold v. Green Tree Servs., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

Fulwood asks this Court to dismiss Counter-Plaintiffs' fraud claim under Rule 12(b)(6) because Counter-Plaintiffs did not allege fraud with particularity.  (ECF No. 18 at PageID 138.) It also asks the Court to dismiss Counter-Plaintiffs' fraudulent inducement claim because Counter-Plaintiffs fail to allege facts supporting the elements of a fraudulent inducement claim. (*Id.* at PageID 143.)  The Court now turns to the legal standards required to allege fraud and fraudulent inducement.

## II.     Legal Standard for Alleging Fraud

Federal courts sitting in diversity apply federal procedural law.  *Hanna*, 380 U.S. at 465. Allegations of fraud in federal court therefore must satisfy the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.  Under that rule, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  This means the plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)).

But Rule 9(b) does not stand alone.  The Court must also consider Rule 8, which only requires "a short and plain statement of the claim."  *See* Fed. R. Civ. P. 8; *see also United States v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007).  Thus, Rule 9(b) only "requires that the circumstances of the fraud, and not the evidence of the case, be pleaded with particularity." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 498 (S.D. Ohio 2012).  And "[t]he main

purpose behind Rule 9(b) is to provide the defendant with notice of the plaintiff's claim so that the defendant may prepare an informed responsive pleading." *Id.* at 499; *see also Cmty. Health Sys., Inc.*, 501 F.3d at 503. "So long as [the plaintiff] pleads sufficient detail—in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud—to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *JAC Holding Enters., Inc. v. Atrium Cap. Partners*, 997 F. Supp. 2d 710, 726 (E.D. Mich. 2014) (quoting *United States v. Ford Motor Co.*, 532 F.3d 96 (6th Cir. 2008)).

A plaintiff must also plead fraudulent inducement claims with particularity. *Ram Int'l, Inc. v. ADT Sec. Servs., Inc.*, 555 F. App'x 493, 498–99 (6th Cir. 2014) (discussing whether plaintiff pleaded fraudulent inducement claim with particularity); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807, 821–23 (E.D. Ky. 2013) (applying particularity pleading requirement to fraudulent inducement claim); *Tramontana v. May*, Nos. 02-10012-BC, 02-10234-BC, 2004 WL 539065, at *6 (E.D. Mich. Mar. 16, 2004). And so the Court must determine whether Counter-Plaintiffs' fraud and fraudulent inducement allegations give Fulwood sufficient notice of their claims. The Court finds that they do not.

### III.   Analysis of Counter-Plaintiffs' Claims

#### A.   Counter-Plaintiffs Do Not Allege Fraud with Particularity

Counter-Plaintiffs fail to allege fraud with particularity in their counterclaim. Under Tennessee law, a fraud claim involves four elements: "(1) intentional misrepresentation of a material fact; (2) knowledge that the representation was false—that the misrepresentation was made knowingly or recklessly or without belief or regard for its truth; (3) reasonable reliance on the misrepresentation by the plaintiff and resulting damages; and (4) that the misrepresentation

relates to an existing or past fact." *Dog House Invs., LLC v. Teal Props., Inc.*, 448 S.W.3d 905, 916 (Tenn. Ct. App. 2014) (internal quotations omitted); *Mid-S. Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, 28 (Tenn. Ct. App. 2010).

Counter-Plaintiffs here allege that Fulwood, "through its payment applications, made multiple representations regarding the labor, services, materials, and equipment purportedly furnished to the Project" by Fulwood, its subcontractors, and suppliers. (ECF No. 10 at PageID 88–89.) Their remaining allegations generally track the required elements of fraud—Counter-Plaintiffs allege that Fulwood's representations were false; that "the representations were in regard to the purported costs of the Project, which was a material fact"; that Fulwood made the representations knowingly or recklessly; that Counter-Plaintiff McGil relied on Fulwood's representations by making payments to Fulwood; and that these representations caused damages. (*Id.*) Counter-Plaintiffs, however, provide no other information about these alleged "representations" made by Fulwood like "the time, place, and content of the alleged misrepresentation on which [Counter-Plaintiffs] relied." *Coffey*, 2 F.3d at 161–62. And so the Court finds that these allegations do not plead fraud with particularity as required by Rule 9(b).

In their response to Fulwood's motion to dismiss, Counter-Plaintiffs try to bolster their allegations. (*See* ECF No. 24.) But the counterclaim still fails to meet the Rule 9 requirements. Counter-Plaintiffs' response contains three main arguments. First, they argue that their counterclaim did identify Fulwood's fraudulent statements—"*i.e.* the costs and expenses for labor, services, materials, and equipment purportedly furnished to the Project that were submitted for payment and reimbursement in furtherance of Counter-Defendant's unlawful scheme and artifice to defraud Counter-Plaintiffs." (*See* ECF No. 24 at PageID 170.) Second, they claim that Fulwood is "clearly" the speaker of these fraudulent statements. (*Id.*) And

7

finally, Counter-Plaintiffs argue that the counterclaim states where and when Fulwood made the fraudulent statements—in the payment applications, throughout the duration of the Project. (*Id.*)

But these are merely general allegations that Fulwood acted fraudulently. Counter-Plaintiffs do not identify each allegedly fraudulent cost and expense that Fulwood made. In fact, they fail to allege any single incident of fraud at all. Other cases provide guidance on this point.

Take for instance, *Sky Technologies Partners v. Midwest Research Institute*, where the court found that the plaintiff's allegations failed to plead fraud with particularity. 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000). The plaintiff there alleged that "[t]hrough its statements and actions," the defendants led the plaintiff to believe that they would "honor the terms of their contract" even though they had no intention of doing so, and that the plaintiff acted in reliance on the defendants' "continued misrepresentations." *Id.* Based on these allegations, the Court found that "[t]he complaint wholly fails to articulate the contents of defendants' allegedly fraudulent statements," and so the complaint failed to meet Rule 9(b)'s heightened pleading standard. *Id.* And in in *Battah v. ResMAE Mortgage Co.*, the court found that simply referencing an allegedly fraudulent audit report, "without any specific explanation of how the content of the report supports the fraud claim," did not satisfy Rule 9(b). 746 F. Supp. 2d 869, 874–75 (E.D. Mich. 2010). Similarly, Counter-Plaintiffs here fail to identify a specific misrepresentation or fraudulent action. Nor do they explain how the contents of Fulwood's payment applications were fraudulent.

By contrast, in *JAC Holding Enterprises, Inc. v. Atrium Capital Partners*, the court found that the plaintiffs particularly alleged fraud when the complaint alleged thirteen specific incidents of fraud. 997 F. Supp. 2d at 727. And in *Aero Fulfillment Services Corp. v. Oracle Corp.*, the plaintiff pleaded fraud with particularity when it alleged "numerous specific fraudulent

misrepresentations . . . including who made the statements, to whom, and approximately when the statements were made." 186 F. Supp. 3d 764, 777 (S.D. Ohio 2016).  These cases show what level of pleading is required.

Because the counterclaim here identifies no specific fraudulent representations, the Court cannot determine the content of the allegedly fraudulent statements or who made them.  Counter-Plaintiffs try to point the Court to a payment application that Fulwood attached to its complaint. (ECF No. 24 at PageID 170; *see* ECF No. 1-2 at PageID 42–48.)  They argue that, because Fulwood signed that payment application, Fulwood is the "speaker" of the fraudulent statements. (*Id.* at PageID 170.)  But Counter-Plaintiffs do not allege that any particular statements in that payment application were fraudulent.  Instead, they merely allege that Fulwood made multiple false representations in its payment applications.  (ECF No. 10 at PageID 88–89.)  This is not enough.

These allegations fail to either identify a fraudulent statement, or to identify the person who acted fraudulently on Fulwood's behalf.  What is more, because Counter-Plaintiffs do not identify the content of any fraudulent statements, it is also unclear when or where Fulwood acted fraudulently.

Even reading the counterclaim in the light most favorable to Counter-Plaintiffs, the counterclaim identifies no specific fraudulent payment application.  Here, simply alleging that every payment application contained fraudulent representations is insufficient under Rule 9(b), which requires that the plaintiff "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey*, 2 F.3d at 161–62.  In the end, Counter-Plaintiffs do not identify the fraudulent statements; the speaker; or when and where the

speaker made the statements. They therefore fail to state a claim upon which relief can be granted under Rule 12(b)(6). The Court thus **DISMISSES WITHOUT PREJUDICE** Counter-Plaintiffs' fraud claim.

The Court now looks at Counter-Plaintiffs' fraudulent inducement claim.

### B.    Counter-Plaintiffs Do Not Allege Fraudulent Inducement with Particularity

Counter-Plaintiffs similarly fail to allege fraudulent inducement with particularity. The elements of a fraudulent inducement claim under Tennessee law are "(1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for the truth; (3) intent to induce reliance on the statements; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; (5) an injury resulting from the reliance." *Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000); *Robert J. Denley Co. v. Neal Smith Constr. Co.,* No. W2006-00629-COA-R3-CV, 2007 WL 1153121, at *6 (Tenn. Ct. App. Apr. 9, 2007).

Counter-Plaintiffs claim that Fulwood "repeatedly made false statements concerning facts material to the terms of the Owner-Contractor Agreement and the Project." (ECF No. 10 at PageID 90.) And they allege that Fulwood made these statements "with the intent of inducing Counter-Plaintiff's reliance on the statements so that they would continue taking actions relating to the Project, including compensating Counter-Defendant for improperly-claimed expenses for the Project." (*Id.*)

Just like their allegations of fraud, Counter-Plaintiffs' fraudulent inducement allegations do not allege the time, place, or content of the fraudulent representations. *See Coffey*, 2 F.3d at 161–62. In fact, Counter-Plaintiffs' allegations are unclear about whether Fulwood fraudulently induced them into entering a contract. Instead, Counter-Plaintiffs argue in their response that the

10

Court "can reasonably infer" from the allegations that, by representing that it would submit accurate payment applications, Fulwood fraudulently induced Counter-Plaintiff McGil into entering the contract.  (ECF No. 24 at PageID 173.)

But under Rule 9(b), a party must allege fraud with particularity, so that the defendant has notice of the plaintiff's claims.  *Allen*, 913 F. Supp. 2d at 499.  In *Ram International v. ADT Security Services*, the Sixth Circuit found that the plaintiff failed to plead fraudulent inducement with particularity because its amended complaint conveyed "the general content" of the alleged representations, "but not the particular time or place that they were made."  555 F. App'x at 498–99.  Similarly, here, Counter-Plaintiffs neither specify the content of Fulwood's alleged representations, nor the time or place that Fulwood made them.  What is more, the counterclaim is unclear about whether Counter-Plaintiffs allege that Fulwood induced them into compensating it for Project expenses, or instead that Fulwood induced Counter-Plaintiff McGil into entering the contract.  (ECF No. 10 at PageID 90.)

With that in mind, the Court finds that Counter-Plaintiffs fail to state a claim upon which relief can be granted under Rule 12(b)(6).  The Court thus **DISMISSES WITHOUT PREJUDICE** Counter-Plaintiffs' fraudulent inducement claim.

## CONCLUSION

Counter-Plaintiffs failed to plead their fraud and fraudulent inducement claims with particularity.  The Court therefore **GRANTS** Counter-Defendant's motion and **DISMISSES** Counter-Plaintiffs' fraud and fraudulent inducement claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 3rd day of December, 2020.

    s/Thomas L. Parker
    THOMAS L. PARKER
    UNITED STATES DISTRICT JUDGE